UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JONES SODA CO. and JONES SODA CO. (USA) INC.,<br><br>　　　　　　　Defendants. | Civil Action No.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br><br><br>JURY DEMAND |

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against Jones Soda Co. and Jones Soda Co. (USA) Inc. ("Defendants" or collectively "Jones Soda"), alleges as follows:

**THE PARTIES**

1. Plaintiff Landmark Technology, LLC ("Landmark") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 329 Laurel, San Diego, CA 92101.

1

2. On information and belief, Jones Soda Co. and Jones Soda Co. (USA) Inc. are Washington corporations with a principal place of business located at 66 S. Hanford Street, Suite 150, Seattle, Washington 98134.  Landmark is further informed and believes, and on that basis alleges, that Jones Soda is in the business of selling soda and derives a significant portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, the Internet website located at http://www.jonessoda.com (the "Website") and/or the Jones Soda functionality found at https://www.jonessoda.com/cart, and incorporated and/or related systems.  Landmark is informed and believes, and on that basis alleges, that, at all times relevant hereto, Jones Soda has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of the Jones Soda Website.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

4. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Jones Soda because Jones Soda is a Washington corporation, and on information and belief, maintains its principal place of business in the state of Washington.  On information and belief, Jones Soda has transacted and is transacting business in this District that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

6. Venue is proper in this district under 1400(b) because Jones Soda (1) is incorporated in the State of Washington and (2) has a regular and established place of business in this District and has committed acts of infringement here.

**FACTS**

7. On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor. A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit A and incorporated herein by this reference.

8. Specifically, the '319 Patent claims a novel automatic data processing system, including an interactive multimedia terminal capable of providing a video-based user interface while both dynamically sending and fetching remote information in order to fetch new inquiring sequences for the user. Conventional terminals prior to the invention claimed in the '319 Patent, such as that disclosed in U.S. Pat. No. 4,359,631, were incapable of supporting an interactive video presentation while at the time sending and fetching information to and from remote locations; attempting to perform these functions at the same time on prior art terminals would have resulted in the congestion of their systems, rendering them virtually inoperable.

9. To solve these issues, the '319 Patent introduced a novel hardware improvement in the claimed terminal. As demonstrated in Figure 2 of the '319 Patent, a DMA unit was positioned independently along its own information handling connection within the terminal, unlike the systems of the prior art. This unconventional hardware architecture enabled a higher level of interactivity and personalization of user transactions. In an amendment filed on September 19, 1995, during prosecution of the '319 Patent, the inventor stressed that his claims "define a new set of interrelated apparatuses" and thus that "the claims do not merely recite the use of 'conventional hardware,'" but were directed to a "claimed new machine," not a method of doing business.

10. Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit B and incorporated herein by this reference.

11. Following a second reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C2, on January 31, 2013, confirming the validity of all twenty eight (28) original claims.  A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C2 is attached hereto as Exhibit C and incorporated herein by this reference (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, and reaffirmed by Ex Parte Reexamination Certificate, Number US 6,289,319 C2 shall hereinafter be referred to as the "'319 Patent.")

12. On September 1, 2008, Lockwood licensed all rights in the '319 Patent to Landmark.  Landmark is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement.  The '319 Patent is valid and in force.

13. On or about May 13, 2016, Landmark sent Jones Soda a letter informing Jones Soda of the '319 Patent that Jones Soda' actions, as more fully described below, constituted infringement of the '319 Patent.

14. On or about July 21, 2016, Landmark sent Jones Soda a follow-up letter regarding the '319 Patent.  In response, on or about August 1, 2016, Jones Soda emailed Landmark's attorneys stating Jones Soda had received the July 21, 2016 letter, but not the May 13, 2016 letter.  A copy of the May 13, 2016 letter was emailed to Jones Soda on August 1, 2016 in response to Jones Soda's email.

15. As more fully laid out below, Jones Soda has been and is now infringing the '319 Patent, in this judicial district and elsewhere, by providing its products/services using electronic transaction systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '319 Patent.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))**

16. Landmark refers to and incorporates herein by reference paragraphs 1-14.

17. Jones Soda has directly infringed, and continues to directly infringe, at least Claims 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent in this judicial district and elsewhere in state of Washington and the United States, through the sales and distribution via electronic transactions conducted on and using at least, but not limited to, its website located at http://www.jonessoda.com.

18. The claims of the '319 Patent relate to "an automated data processing system for processing business and financial transactions between entities from remote sites" comprising a variety of features.

19. The Jones Soda functionality referenced above is "an automated data processing system for processing business and financial transactions between entities from remote sites" practicing the claims of the '319 Patent.

20. By way of example only, and without limitation, Jones Soda Website, functionality and supporting server infringes at least Claims 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent in that, the Jones Soda Website, functionality and supporting server, and/ provide a system that practices all of the limitations of the claims and on which Jones Soda processes business information and places purchase orders, including:

a. The functionality and supporting server is an automatic data processing system for processing business and financial transactions between entities from remote sites running the Jones Soda's functionality which is in communication with the Jones Soda's server.

b. The Jones Soda' system includes a central processor (the server and its supporting systems) programmed and connected to process a variety of inquiries and orders transmitted from the Jones Soda' functionality running at said remote sites.  Jones Soda' system allows for a broad range of transactions, thus a range of orders are possible.  The system processes a "variety of inquiries and orders," such as inquiries regarding order history and order status, and the placement of orders for products.

c. The system is operated through a terminal (e.g., the Jones Soda' computer(s) at each of said remote sites), which terminal includes a data processor and operates in response to

operational sequencing lists of program instructions (the code constituting the transaction systems).  That terminal includes a DMA positioned independently on its own information handling connection, or its equivalent.

       d.     The system fetches additional inquiring sequences in response to a plurality of data entered through a keyboard and in response to information received from the central processor.  For example, the "Log in" and "Sign up" functionalities in the "Accounts" section of the Jones Soda Website fetches additional inquiring sequences relating to erroneous or empty data fields, depending on the user's entry and information received from the central processor.

       e.     The server of the System and Jones Soda' computerized station(s), together with software, practice all of the remaining limitations of Claim 1, 3, 7, 8, 9, 11, and/or 18 of the '319 Patent.  Jones Soda' Website, functionality and server, and incorporated and/or related systems, put the invention into service.

      21.     Jones Soda' Website exerts control over the transactions placed via the claimed terminal.  For example, as explained in its privacy policy on its website, Jones Soda' Website may use cookies "to help Jones Soda identify and track visitors, their usage of Jones Soda website, and their website access preferences."

      22.     Jones Soda, on information and belief, is also engaged in internal use of the claimed system, by developing and testing versions of its Website on its own servers.  For example, Jones Soda employs an "Ecommerce Manager" and "in-house developer" to manage and test its e-commerce website.  Jones Soda, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Southern District of California, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

      23.     Jones Soda threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Landmark's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Landmark adequate

relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Landmark does not have an adequate remedy at law to compensate it for the injuries threatened.

24. By reason of the acts of Jones Soda alleged herein, Landmark has suffered damage in an amount to be proved at trial.

25. Landmark is informed and believes, and on that basis alleges, that the infringement by Jones Soda is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Landmark to attorneys' fees and enhanced damages.

## SECOND CLAIM FOR RELIEF

**(Inducing Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(b))**

26. Landmark refers to and incorporates herein by reference paragraphs 1-21.

27. Landmark is informed and believes, and on that basis alleges, that Jones Soda has actively and knowingly induced infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b) by, among other things, inducing its customers to utilize their own device in combination with www.jonessoda.com and www.jonessoda.com/cart, and incorporated and/or related systems, to search for and order information and products from www.mancrates.com in such a way as to infringe the '319 Patent.

28. For example, Jones Soda is inducing its customers to infringe by encouraging them to create new accounts and to sign in to their accounts using their login information to retrieve their customer information, e.g., at https://www.jonessoda.com/10887276/checkouts/1af0cd077dd8ab2f73d9204242b56820?_ga=2.240401347.137514366.1498171117-1385141462.1497553131&discount=.

29. By reason of the acts of Jones Soda alleged herein, Landmark has suffered damage in an amount to be proved at trial.

30.     Jones Soda threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Landmark's irreparable injury. Landmark does not have an adequate remedy at law.

31.     Landmark is informed and believes, and on that basis alleges, that the infringement by Jones Soda is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Landmark to attorneys' fees and enhanced damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Landmark prays for relief as follows:

A.     Judgment that Jones Soda has directly infringed, and induced others to infringe, the '319 Patent either literally and/or under the doctrine of equivalents;

B.     Judgment that Jones Soda' infringement of the '319 Patent has been willful;

C.     Judgment permanently enjoining Jones Soda, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, and from inducing others to infringe the '319 Patent;

D.     Judgment awarding Landmark general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Jones Soda' profits or gains of any kind from its acts of patent infringement;

E.     Judgment awarding Landmark enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Jones Soda' infringement;

F.     Judgment awarding Landmark all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

G.     Judgment awarding Landmark pre-judgment and post-judgment interest; and

H. Judgment awarding Landmark such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Landmark hereby demands a trial by jury on all issues triable to a jury.

Dated: June 23, 2017

Respectfully submitted,

BANIE & ISHIMOTO LLP

By /s/ John A. Lee, WSBA No. 35,550
John A. Lee
jlee@banishlaw.com
Banie & Ishimoto LLP
3705 Haven Ave., #137
Menlo Park, CA 94025
T: 650.241.2774
F: 650.241.2770

Attorneys for Plaintiff
Landmark Technology, LLC

9